## COWL & DAY v. RITCHEY.

Animals, domestic: RESTRAINT OF SWINE AND SHEEP: SUBMISSION OF VOTE. Under sections 250, 287 and 1545 of the Revision, it is competent for the board of supervisors to submit to the voters of the county the question whether sheep or swine shall be restrained from running at large, in a divided form. The submission need not be joint, but it may be for the restraint of swine to the exclusion of sheep, or *vice versa*.

*Appeal from Adams District Court.*

SATURDAY, JANUARY 25.

TRESPASS, for injury to plaintiff's crops by defendant's hogs. Defense, the want of a lawful fence. To this the answer was, that the plaintiff had a sufficient stock fence, as contemplated by the laws of this State, and under a vote of the people of said county of Adams, and which, as a local regulation, took effect July 20, 1865.

The court below held, that there was no lawful submission of the stock law, and that there was no regula-

tion in force restraining hogs from running at large. Judgment for the defendant accordingly, and plaintiff appeals.

*Frank M. Davis* for the appellant.

No appearance for the appellee.

WRIGHT, J. — An opinion was filed in this case in June last, by the late chief justice, holding that under sections 250 and 287 of the Revision, the county authorities could not submit to a vote of the people the question whether hogs shall be permitted to run at large; but that the word "stock" as there used meant swine and sheep; that one could not be submitted without the other. This ruling operated to affirm the judgment below.

Appellant's counsel then directed our attention to and relied alone upon these sections. Applying for a rehearing, which has been granted, he now for the first time calls attention to section 1545, which had escaped our attention also, and which is of very decided importance in disposing of the question before us. And this is more especially true, as upon the sections first cited, the question is a close one.

Briefly, the three sections are as follows:

"SEC. 250. The board of supervisors may submit to the people of their county, the question, whether stock shall be permitted to run at large; * * * or the question of any other police or local regulation, not inconsistent with the laws of the State." This is a part of chapter 15 of the Code 1851.

Section 287 provides that the word "stock," as used in this section, shall be construed to mean swine and sheep. This was passed January 28, 1857, and took effect July 1st, of that year.

Cowl & Day v. Ritchey.

Section 1545 declares that in all the counties, etc., where, by a vote, etc., it has been or may hereafter be determined that hogs or sheep, *or either of them*, shall be prohibited from running at large, a fence made of three rails, etc., shall be declared a lawful fence. This act was passed January 29, 1857, and took effect at the same time as that last named.

The fair meaning of these sections is to confine the word *stock* to swine and sheep, and not to extend it to horses, mules and cows. But though thus confined, it is competent to submit the question whether swine *or* sheep shall be permitted to run at large.

In other words, the supervisors may allow the people to determine whether sheep shall or shall not be free commoners, without connecting therewith swine. And so they may as to swine, without saying any thing about sheep. This is clear enough from the language used upon this special subject, and is fortified by the provision allowing the submission of any other local or police regulation. Nor does the vicious, stubborn, perverse, ungovernable habits of the one, compared with the mild, gentle, submissive and patient disposition of the other, so vividly portrayed by appellant's counsel; showing most conclusively, that they do not require the same degree of restraint, detract from the reasonableness and propriety of this construction.

As the case is submitted without argument on the part of appellees, and as the record stands, we are not advised what, in the opinion of the court below, was the defect in this submission. Appellant's counsel submits that above discussed, as the only one relied upon, which we accept as correct. Beyond this we decide nothing. The prior order of affirmance is set aside and the judgment below reversed.

Reversed.